UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>YAN JUAN ZHEN, *et al.*,<br><br>          Defendants. | Case No. 2:13–cr–40–APG–VCF<br><br>**ORDER** |

This matter involves the United States' prosecution of Yan Juan Zhen for conspiracy to manufacture and possess marijuana in violation of 21 U.S.C § 841(a)(1). Before the court is Ms. Zhen's Motion for Discovery (#84[1]). The government opposed (#109); and Zhen replied (#110). For the reasons stated below, Ms. Zhen's motion is denied.

## BACKGROUND

On January 8, 2013, a Special Agent with the Drug Enforcement Administration, working in tandem with the Las Vegas Metropolitan Police Department, obtained a warrant to search a residence at 3337 Trickling Stream Circle in Las Vegas, Nevada. The suspicion: a large-scale marijuana grow operation existed inside.

The warrant was executed at 5:38 p.m., and the officer's suspicion was confirmed. A grow-operation spread across five rooms, which held 1,481 rooted marijuana plants, various grow bulbs, related paraphilia, and a box spring. Two individuals, Quing Hui Chen and Biao Chang Zheng, were arrested.

---

[1] Parenthetical citations refer to the court's docket.

On January 10, 2013, the investigation expanded. The Drug Enforcement Administration and Las Vegas Metropolitan Police Department entered an additional residence at 5:00 p.m., placed the occupant, Ms. Yan Juan Zhen, under arrest, and searched the home until 3:00 a.m. Three months later, Ms. Zhen was indicted for conspiracy to manufacture and possess marijuana and for aiding-and-abetting the manufacture of marijuana in violation of 21 U.S.C § 841.

The parties are now in the midst of plea negotiations and discovery. On July 29, 2014, Ms. Zhen filed the instant Motion for Discovery, contending that the government is withholding information that is favorable to her defense. She seeks (1) "[c]opies of all recorded communications related to the detentions, searches, and arrest of Ms. Zhen . . . by any and all officers involved in the investigation of this case" (*i.e.*, law enforcement communications) and (2) "[a] copy of any and all notes of investigative agencies, public or private, state or federal, local or otherwise involving the investigation of this case which tends to exculpate the defendant as to either guilt or punishment," including statement by Zheng and Chen (*i.e.*, alleged co-conspirator statements). (Def.'s Mot. for Disc. (#84) at 1:22–24; 2:20–25).

On February 12, 2015, the court heard oral argument on Ms. Zhen's motion. This order follows.

## LEGAL STANDARD

Discovery in criminal cases was historically disallowed. *See* FED. R. CRIM. P. 16, Advisory Comm. Notes (1944).[2] The modern trend, however, favors disclosures that are more "analogous to the civil practice." *Dennis v. United States*, 384 U.S. 855, 871 (1966). Although "[t]here is no general constitutional

---

[2] This was a byproduct of the constitutional protections afforded to criminal defendants: "[u]nder our criminal procedure the accused has every advantage. While the prosecution is held rigidly to the charge, [the accused] need not disclose the barest outline of his defense. He is immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve." *United States v. Garsson*, 291 Fed. 646, 649 (S.D. N.Y. 1923) (Learned Hand, J.). Discovery, it was thought, would be unduly favorable because it would require the prosecution to divulge details about its case while the defendant may remain silent. 2 C. A. WRIGHT & P. J. HENNING, FEDERAL PRACTICE & PROCEDURE: CRIMINAL § 251 at p. 57 (4th ed. 2009). Rule 16 and Brady answer this concern by requiring reciprocal discovery rooted in the concept of fundamental fairness.

right to discovery in a criminal case," see *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), there are now three authorities require the parties to make disclosures: (1) Federal Rule of Criminal Procedure 16, (2) the Due Process Clause, and (3) the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2. Each is addressed below.

I. **Disclosures under Rule 16**

Federal Rule of Criminal Procedure 16 governs "discovery and inspection." It provides the defendant with "a broad right of discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Under the rule, the government has a "continuing duty" to disclose: (1) the defendant's oral, written or recorded statements, (2) the defendant's prior criminal record, (3) documents and tangible objects within the government's possession that (i) are material to the preparation of the defendant's defense, (ii) are intended for use by the government as evidence in chief at the trial, or (iii) were obtained from or belong to the defendant; (4) reports of examinations and tests that are material to the preparation of the defense; and (5) written summaries of expert testimony that the government intends to use during its case in chief at trial. FED. R. CRIM. P. 16(a), (c).

Rule 16 is a product of fairness. It permits the defendant to obtain material "that would have been otherwise available to him had it not been impounded by the government." WRIGHT & HENNING, *supra*, at § 251 at p. 63; *accord* FED. R. CRIM. P. 16, Advisory Comm. Notes (1944, 1975). It is triggered "upon a defendant's request" and captures only "documents within the federal government's actual possession, custody, or control." *United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985). Rule 16 places no obligation on the government "to turn over materials not under its control." *Id.*

To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984). This "requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense." *United*

*States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (citation omitted). "Whether evidence is 'useful,' 'favorable,' or 'tends to negate the guilt or mitigate the offense' are semantic distinctions without difference in a pretrial context." *United States v. Acosta*, 357 F. Supp. 2d 1228, 1233 (D. Nev. 2005). Neither a general description of the information sought nor conclusory allegations of materiality suffice. *See Little*, 753 F.2d at 1445.

"The scope of discovery [under Rule 16] is within the district court's discretion." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). Discovery under Rule 16 is not limited to what the government intends to use at trial. It permits the defendant to obtain discovery that is "relevant" to the development of a possible defense. *United States v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984). Indeed, "[t]he rule is intended to prescribe the minimum amount of discovery to which the parties are entitled. FED. R. CRIM. P. 16, Advisory Comm. Note (1974).

## II. Disclosures under the Due Process Clause

The Due Process Clause provides criminal defendants with a second discovery mechanism. *Brady v. Maryland*, 373 U.S. 83 (1963). It imposes "an ongoing duty" on the government to (1) "learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," *Kyles v. Whitley*, 514 U.S. 419, 432 (1995), and (2) disclose exculpatory evidence and other evidence that is favorable to the accused, including impeachment evidence. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). Unlike Rule 16, a request from the defense is not required to trigger the government's duty to disclose. *See Banks v. Dretke*, 540 U.S. 668, 695–96 (2004).

To obtain discovery under *Brady*, the information sought must be "material" or "favorable" to the defense. *Woods v. Sinclair*, 764 F.3d 1109, 1127 (9th Cir. 2014) (citing *Kyles*, 514 U.S. at 419). Favorable information need not be admissible at the trial if the information could reasonably lead to admissible evidence. *Acosta*, 357 F. Supp. 2d at 1239 (citing *United States v. Sudikoff*, 36 F. Supp. 2d

1196, 1200 (C.D. Cal. 1999)).³ "Whether evidence is 'useful,' 'favorable,' or 'tends to negate the guilt or mitigate the offense' are semantic distinctions without difference in a pretrial context." *Acosta*, 357 F. Supp. 2d at 1233.

If a *Brady* request places a prosecutor in doubt, disclosure is the rule. *Cone v. Bell*, 556 U.S. 449, 470 n. 15 (2009) (citing *United States v. Agurs*, 427 U.S. 97, 108 (1976)). If a *Brady* request places the court in doubt, an *in camera* review is appropriate. *See United States v. Alvarez*, 358 F.3d 1194, 1211–08 (9th Cir. 2004). If, however, a *Brady* request is "merely speculative," disclosure is not required. *Wood v. Bartholomew*, 516 U.S. 1, 6 (1995) (per curiam). However, "it must be remembered that *Brady* is a constitutional mandate. It exacts the minimum that the prosecutor, state or federal, must do" to avoid violating a defendant's Due Process rights. *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978).

### III.  Discovery under the Jencks Act & Rule 26.2

The Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 provide a third discovery mechanism: it requires that any statement in the government's possession that is made by a government witness, whether exculpatory or not, be produced to the defense after the witness testifies.

The Jencks Act trumps and limits *Brady's* compulsory requirements. *United States v. Griffin*, 659 F.2d 932, 936 (9th Cir.1981), cert. denied, 456 U.S. 949 (1982). If a witness statement is exculpatory, then the Jencks Act's timing requirements control. *Alvarez*, 358 F.3d at 1211 ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards

---

³ *See also United States v. Triumph Capital Group, Inc.*, 544 F.3d 149, 162–63 (2d Cir. 2008) (*Brady* information "need not be admissible if it 'could lead to admissible evidence'"); *Ellsworth v. Warden*, 333 F.3d 1, 5 (1st Cir. 2003) ("[W]e think it plain that evidence itself inadmissible could be so promising a lead to strong exculpatory evidence that there could be no justification for withholding it."); *Malone v. Felker*, 453 Fed. Appx. 754, 754–55 (9th Cir. 2011).

control.").[4] Similarly, if a witness statement is exculpatory, then the Jenks Act prohibits the court from conducting an *in camera* review and "troll[ing] for evidence." *Id.*

During the pretrial phase, the Jencks Act is not the defendant's sword and cannot be used as a discovery device. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir.1986) (stating that a discovery order requiring earlier disclosure for Jencks information is "unenforceable"). Rather, it equips the government with a shield, which functions like a protective order. *See Alvarez*, 358 F.3d at 1211; *Taylor*, 802 F.2d at 1118.

## DISCUSSION

Ms. Zhen's motion presents two questions: whether the government should disclose (1) recorded law-enforcement communications and (2) statements by Ms. Zhen's alleged co-conspirator, Zheng and Chen. (Def.'s Mot. for Disc. (#84) at 1:22–24; 2:20–25). Both are addressed below.

### I. Whether the Government should Disclose Law Enforcement Communications

Ms. Zhen first moves for an order requiring the government to disclose "[c]opies of all recorded communications related to the detentions, searches, and arrest of Ms. Zhen . . . by any and all officers involved in the investigation of this case." (Def.'s Mot. for Disc. (#84) at 1:22–24). Ms. Zhen argues that this information is discoverable under Rule 16(a)(1)(E)(i) and *Brady v. Maryland*. The government opposes Ms. Zhen's request on two grounds. It argues, first, that no recordings exist and, second, if any recordings or phone records do exist, they are in the possession of the Las Vegas Metropolitan Police Department, a state agency, whose records the federal government has no disclosure obligations. (*See* Gov't's Opp'n (#109) at 3).

---

[4] This is not the law in other circuits. *See United States v. Rittweger*, 524 F.3d 171, 181 n.4 (2d Cir. 2008) ("Complying with the Jencks Act, of course, does not shield the government from its independent obligation to timely produce exculpatory material under *Brady*—a constitutional requirement that trumps the statutory power of 18 U.S.C. § 3500.").

The government's assertion that it is not required to produce information in a state agency's control is incorrect. *Brady* and Rule 16 impose asymmetrical disclosure requirements on the government. Because Rule 16 only permits a defendant to obtain material "that would have been otherwise available to him had it not been impounded by the government," WRIGHT & HENNING, *supra*, at § 251 at p. 63, it places no obligation on the federal government disclose material in a state agency's control. *Gatto*, 763 F.2d at 1049.

*Brady* is different. Its concern is not limited to what the government controls, but with "evidence favorable to an accused . . . [that] is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. Accordingly, *Brady* requires "the individual prosecutor . . . to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles*, 514 U.S. at 432. This includes state police who participate in the federal government's prosecution. *See, e.g., United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009) (reversing and remanding where federal prosecutors failed to learn of exculpatory evidence in the state police's control).[5]

The government cites four Ninth Circuit decisions in opposition. Three of these decisions—(*viz.*, *United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007), *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992), and *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1375)—concern Rule 16, not *Brady*. *Fort*, 472 F.3d at 1109–10 ("From the outset, it is important to note that this appear does not involve the government's disclosure obligations under *Brady v. Maryland*"); *Dominguez-Villa*, 954 F.2d at 566 (citing and discussing Rule 16(a)(1)(C)); *Chavez-Vernaza*, 844 F.2d at 1375 (citing and discussing Rule 16(a)(1)(C)).

---

[5] *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) (en banc) ("Because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned."); *United States v. Zuno-Arce*, 44 F.3d 1420 (9th Cir. 1995) ("Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating agency does.").

The fourth, *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991), is a suppression case, not a pretrial discovery case. In *Aichele*, the court held that the government did not violate *Brady* because, in retrospect, the "defendant [had] enough information to be able to ascertain the supposed *Brady* material on his own." *Id.* Accordingly, the court concluded that "there is no suppression by the government" because the defendant knew of alternative means for ascertaining the *Brady* material. *Id.* Circumstances are different here. This court does not have the benefit of hindsight and the government has not demonstrated that, like *Aichele*, Ms. Zhen has an alternative means of ascertaining the requested information.

Nonetheless, Ms. Zhen's motion failed to demonstrate "facts tend[ing] to show that the government is in possession of information helpful to the defense." *Santiago*, 46 F.3d at 894. She asserts that the records are "necessary to impeach the credibility of the law enforcement officers involved in the detentions, searches, and arrest of Ms. Zhen," (*see* Doc. #84 at 3:6–7), but fails to provide a factual basis for suspecting that the records exist.

Therefore, Ms. Zhen's motion is denied with regard to this request.

## II. Whether the Government should Disclose Alleged Co-Conspirator Statements

Second, Ms. Zhen moves for an order requiring the government to disclose "[a] copy of any and all notes of investigative agencies, public or private, state or federal, local or otherwise involving the investigation of this case which tends to exculpate the defendant as to either guilt or punishment." (Def.'s Mot. for Disc. (#84) at 2:20–25).

During the court's February 12, 2015 hearing, Ms. Zhen limited this request to statements made by her alleged co-conspirators. (*See* Mins. Proceedings #112). However, Ms. Zhen failed to provide any "facts tend[ing] to show that the government is in possession" of the requested information. *Santiago*, 46 F.3d at 894. When the court inquired why Ms. Zhen's believes that co-conspirator statements exist, she

asserted that counsel for the co-conspirator's said so. Ms. Zhen, however, did not specify when or to whom these statements were allegedly made. Therefore, her factual basis for this request is conclusory and speculative.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Zhen's Motion for Discovery (#84) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE